SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. T. J. FRANCE, *Defendant in Error.*

### Division B

### Opinion Filed December 17, 1926

1. Recovery against Common Carriers under Sections 4581, Revised General Statutes of Florida, is limited to freight, baggage and express lost or damaged, and for any overcharge made by them.

2. Section 4572, Revised General Statutes of 1920, requires that all freight received by common carriers in this State · for transportation shall be delivered according to the terms of the contract under which it is received.

3. Under Section 4584, Revised General Statutes of 1920, the plaintiff has his option after giving the required notice to sue the initial or delivering carrier but the carrier is bound by the terms of the bill of lading and the law makes it mandatory on the carrier to transport and deliver according to its terms.

4. A shipper consigning freight to himself at a point where he is not known and does not furnish the carrier his city address nor make demand on the terminal carrier for his freight is not in position to complain of a failure· on the part of the carrier to give him the required notice.

5. Sections 4581 and 4582, Revised General Statutes of 1920, do not warrant recovery against a common carrier for mere delay in transit and delivery of goods unless it is shown that such delay resulted in damage.

A Writ of Error to the Circuit Court for Alachua County; A. V. Long, Judge.

Reversed.

*Hampton & Hampton,* for Plaintiff in Error.

*E. G. Baxter, S. L. Scruggs* and *L. L. Campbell,* for Defendant in Error.

TERRELL, J.—Defendant in error, T. J. France, shipped a carload of watermelons from Fairbanks to Jacksonville, Florida. France, the shipper, was a resident of Fairbanks, a station on the Seaboard Air Line Railway, and by the terms of the bill of lading the car was delivered to said

Railway at Fairbanks July 16th, 1924, was consigned to himself (T. J. France) at Jacksonville and routed via Gainesville Atlantic Coast Line (dray track delivery) Jacksonville.

The car arrived in Jacksonville on the late afternoon of the 17th of July, it was placed on the dray track of the Atlantic Coast Line on the afternoon of the 18th and on the same date France was notified at Jacksonville of its arrival, though said notice appears not to have reached him. France went to Jacksonville on the 17th and made inquiry at the Seaboard office about the car and learned that it was about three miles out of town. He went over to the dray tracks on the 18th but failing to find the car abandoned the search and returned to his home at Fairbanks at 2:30 o'clock the afternoon of same date. He gave no Jacksonville address at which he might be notified and did not during his stay in Jacksonville inquire at the Atlantic Coast Line office, the terminal deliverer, about his melons. The car appears to have been delivered promptly by the Seaboard Air Line to the Atlantic Coast Line at Gainesville though there was evidence of some delay in transit from Gainesville to Jacksonville.

The car remained unclaimed on the dray tracks till July 24th when it was sold by the Carrier for $29.33 and the freight, storage and other charges were deducted therefrom. France filed his claim in writing for said car of melons with the agent of the Seaboard Air Line at Gainesville July 22nd in the sum of $100.00 the value of the melons, $23.33 freight and $6.25 hotel bill while in Jacksonville. Payment was refused and suit was brought resulting in a verdict for the plaintiff in the total sum of $174.00. To review this judgment the case is brought here by writ of error.

The first assignment of error is predicated on the denial

of the motion for an instructed verdict in favor of the defendant made at the conclusion of the plaintiff's testimony.

This action was brought pursuant to Sections 4581 and 4582, Revised General Statutes of 1920, which require common carriers to pay for freight, baggage or express *lost or damaged by them or for any overcharge made by them.* Section 4572, Revised General Statutes of 1920, requires that all freight received by common carriers in this State for transportation shall be delivered according to the terms of the contract under which it is received. It is further provided that the bill of lading or other memorandum made between the consignor and the carrier at the initial point shall be the evidence of direction by which freights are to be received, carried and delivered and any common carrier failing therein shall be liable to the person aggrieved.

Under Section 4584, Revised General Statutes of 1920, the plaintiff had his option after giving the required notice so sue either the initial or the delivering carrier, but the carrier was bound by the terms of the bill of lading and the law makes it mandatory on the carrier to transport and deliver freight according to its terms.

The record not only fails to show that the melons of the plaintiff were lost or damaged by the defendant in transit or delivery, but it shows that plaintiff shipped them to himself as consignee at Jacksonville; that he failed to give his Jacksonville address by which he might be notified of their arrival; that notwithstanding he had his bill of lading containing instruction to the defendant for transportation and delivery he failed to make inquiry or demand on the terminal carrier for delivery, and in fact on the day following his arrival in Jacksonville he abandoned the search for his melons and returned to his home at Fair-

banks without leaving any instructions whatever with the carrier or its agents for the disposition of them.

Plaintiff testified that he could have sold the melons on the 17th for $100.00, but it is not shown that they were not worth fully that much on the 18th or the 19th nor is it shown that they were damaged a particle in this time. It is shown that when they were sold by the carrier on the 24th they were beginning to decay, but this would not be tantamount to a showing that they were damaged when delivered.

Recovery under the statute sued on is limited to loss, damage and overcharge. It does not warrant recovery for a mere delay in transit and delivery unless it is shown that such delay resulted in damage.

The record shows negligence on the part of the plaintiff in safeguarding the delivery of his melons, and there is no proof of loss or damage to the melons at the time of delivery, so the motion for an instructed verdict should have been granted.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.